**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| STEDMON DEWBERRY, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:17-CV-00166-RWS |
| v. | § § § | |
| LORIE DAVIS DIRECTOR TDCJ-CID, | § § § | |
| Defendant. | § § | |

**ORDER**

Stedmon Dewberry filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket No. 1. That petition was referred to the Honorable Caroline M. Craven, who recommended it be denied. Docket No. 13 at 13 (the "Report"). Petitioner objected to that recommendation. Docket No. 14. For the following reasons, Petitioner's objections are **OVERRULED**, and the Magistrate Judge's recommendation is **ADOPTED**.

### I. Legal Standards

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). But a petitioner is not entitled to a *de novo* review of any unobjected-to findings, conclusion and recommendations; and appellate review of such findings "is limited to plain error," provided "the [petitioner] was warned of the consequences of failure to object." *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 882 (5th Cir. 2016).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court," like the petition here, "shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim":

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When "state habeas relief is denied without an opinion," this "court: (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

To establish ineffective assistance of counsel, a petitioner must demonstrate both: (1) deficient performance on the part of counsel and (2) prejudice resulting from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a petitioner must show there is a reasonable probability the result of the proceeding would have been different if counsel had not performed inadequately. *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

## II. Discussion

Following a jury trial, Petitioner was convicted of murdering Latasha Antwine during an altercation in a crowded public park. Petitioner was engaged in a firefight with Brioni Danbsy—and possibly Brandon Antwine—when an errant bullet struck Latasha. During the firefight, Dansby used a .40-caliber weapon, and Petitioner claimed he was firing a .22-caliber revolver, although that weapon was never recovered. At the scene, police recovered three .40-caliber casings, three 9-mm casing and one bullet fragment. But the bullet fragment was not tested; indeed, the only ballistic tests conducted confirmed that the .40-caliber weapon was fired at the

park that night. Based on the evidence produced at trial, the prosecution claimed it was one of Petitioner's rounds that struck Latasha, but Petitioner contended he did not fire the fatal shot.

Now, Petitioner contends he received ineffective assistance of counsel based upon counsel's failure to: (1) retain a ballistics expert; (2) present testimony from other eyewitnesses to the shooting; (3) object to hearsay testimony; and (4) present character witnesses. The Court takes each in turn.[1]

### a. First Ground for Review

Petitioner contends his attorney should have retained a ballistics expert to testify on his behalf at trial. For support, Petitioner submitted an affidavit from Richard Ernest, a ballistics expert. In Mr. Ernest's opinion, any bullets found at the scene should have been tested for biological materials. In light of that opinion, during Petitioner's state habeas proceeding, ballistic evidence was released for testing. Mr. Ernest determined that a bullet fragment admitted into evidence was a .40-caliber bullet and found biological material on the fragment that was from a female. DNA testing, however, revealed that the biological material did not match a purported sample from Latasha.

The Magistrate Judge acknowledged that Petitioner had demonstrated why counsel should have engaged a ballistics expert. But because the biological material on the fragment did not match the victim's DNA, the Magistrate Judge concluded it was unlikely the jury would have believed that the fragment struck the victim. Accordingly, the Magistrate Judge concluded there was not a reasonable probability the result of the proceeding would have been different if counsel had hired a ballistics expert. The failure to hire such an expert, therefore, did not cause Petitioner prejudice.

---

[1] Petitioner filed a state application for a writ of habeas corpus on the same grounds, which was denied without opinion. *Ex parte Dewberry,* No. 83,308-01 (Tex. Crim. App. Sept. 27, 2017).

In his objections, Petitioner contends he did suffer prejudice as a result of counsel's failure to retain an expert. He states that, even though the DNA on the .40-caliber bullet did not match the victim, the presence of female DNA raised a reasonable probability the result of the proceeding would have been different had Petitioner retained an expert who could have presented such evidence to the jury.

Petitioner has not shown the state court's decision regarding the ballistics-expert ground "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The biological material on the bullet fragment did not match the victim's DNA. Thus, the jury would have had no reason to conclude that fragment struck the victim after being fired from Dansby's weapon. As a result, there is not a reasonable probability the result of the proceeding would have been different if a ballistics expert had been hired. This ground for review is therefore without merit.

### b. Second Ground for Review

Emphasizing that his trial turned on the testimony of eyewitnesses, Petitioner contends that his attorney should have called two additional eyewitnesses—Ozeal Floyd and Sherrod Dawson—to support his case. He admits, however, that his trial counsel presented one witness, Paige Tasby, on his behalf. Yet Petitioner argues that his counsel should have presented additional, corroborating witnesses, given the fact that several witnesses testified in support of the prosecution's theory of the case.

The Magistrate Judge, relying primarily on *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009), found this ground was without merit because Petitioner had not demonstrated that either of these two individuals would have been available and willing to testify at trial. The

Magistrate Judge further concluded that because (1) Tasby was a disinterested witness whose testimony strongly supported Petitioner's theory of the case and because (2) the testimony of the additional two individuals would have been cumulative, Petitioner did not suffer prejudice.

Petitioner objects to the conclusion that his failure to confirm the witnesses' availability and willingness to testify, alone, defeats his requested relief. He also objects to the Magistrate Judge's prejudice finding, arguing the Magistrate Judge failed to acknowledge the power of corroborating witnesses.

Petitioner has not shown the state court's decision regarding the additional-witnesses ground "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). First, as the Magistrate Judge concluded, "the seeming technical requirements of affirmatively showing availability and willingness to testify '[are] not a matter of formalism.' " *Hooks v. Thaler*, 394 F. App'x 79, 83 (2010) (quoting *Woodfox v. Cain*, 609 F.3d 527, 538 (5th Cir. 2009)). Availability and willingness to testify must be shown to support this type of claim. *Woodfox*, 609 F.3d at 808. As a result, Petitioner's failure to demonstrate that Mr. Floyd and Mr. Dawson were available and willing to testify is fatal to this claim.

Second, Petitioner did not suffer prejudice as a result of this purported error. Tasby had no connection with any of the persons involved in the case and, thus, no reason to testify untruthfully. As Petitioner concedes, Tasby's testimony strongly supported his theory of the case. Though corroborating testimony would have slightly strengthened Petitioner's case, the jury chose not to credit Tasby's already-strong testimony. So there is not a reasonable probability the result of the proceeding would have been different if the two additional witnesses had testified.

### c. Third Ground for Review

At trial, the prosecution, through testimony from law enforcement personnel, presented hearsay statements from five eyewitnesses to the incident. Petitioner contends counsel should have objected to this testimony.

Three of these eyewitnesses testified at trial. Their testimony was similar to the statements the officers testified they made. As a result, the Magistrate Judge concluded Petitioner suffered no prejudice as a result of counsel's failure to object to testimony regarding the statements of the three persons who testified. With respect to the testimony regarding the statements by the two individuals who did not testify, the Magistrate Judge concluded that as these statements were cumulative, and as these statements were corroborated by the officers' testimony, Petitioner did not suffer prejudice.

Petitioner objects to the conclusion that since three of the five witnesses also testified at trial, no prejudice resulted from the failure to object to hearsay testimony regarding their statements. He asserts this conclusion fails to acknowledge the compelling nature of law enforcement testimony purporting to set forth multiple hearsay statements tending to support the prosecution's theory of the case.

Petitioner has not shown the state court's decision regarding the hearsay-testimony ground "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Petitioner did not suffer prejudice as a result of counsel's failure to object. As three of the eyewitnesses testified in a manner consistent with their prior statements, the jury would have heard their version of the events even if counsel had objected. In addition, as the jury heard testimony from three eyewitnesses, testimony from officers

regarding statements given by two additional witnesses would have merely been cumulative. As such testimony was cumulative, there is not a reasonable probability the result of the proceeding would have been different if counsel had objected to testimony regarding the statements of the two additional eyewitnesses.

### d. Fourth Ground for Review

Finally, Petitioner faults counsel for not calling character witnesses to testify on his behalf. He claims such witnesses would have been important because the parties disputed whether Petitioner shot the victim and because it was clear the victim was not shot intentionally. Petitioner states counsel was told of several individuals who could have testified as character witnesses during the sentencing phase of the trial.

The Magistrate Judge described the testimony of Demaris Hart, who testified as a character witness. She also described the testimony that Petitioner states would have been provided by four additional persons. In concluding Petitioner did not suffer prejudice as a result of the additional four persons not being called to testify, the Magistrate Judge stated as follows:

> Testimony from these individuals would likely have been viewed favorably by the jury. Further, as he points out, there was no evidence [P]etitioner intended to shoot the victim. Regardless, before sentencing [P]etitioner to 50 years of imprisonment, the jury heard testimony that [P]etitioner, after being involved in an altercation with Mr. Dansby, left the park and returned with a handgun. He then fired multiple shots at Mr. Dansby in a public park where at least 50 people were present. The jury could have inferred from the evidence that while [P]etitioner did not intend to shoot the victim, he did intend to shoot Mr. Dansby. In light of the evidence presented to the jury, there is not a reasonable probability [P]etitioner would have received a significantly less harsh sentence if the jury had also heard testimony from the four persons named above. Petitioner therefore did not suffer prejudice because additional character witnesses were not called to testify on his behalf.

Report at 13.

In his objections, Petitioner states there is a reasonable probability that he would have received a more lenient sentence if counsel has called his additional character witnesses.

Petitioner has not shown the state court's decision regarding the character-witnesses ground "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). To show prejudice with respect to a state court sentence, Petitioner must show that, but for counsel's errors, there is a reasonable probability he would have received a significantly less harsh sentence. *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008). As the Magistrate Judge stated, testimony from additional character witnesses would have likely been somewhat beneficial to Petitioner. However, the jury had already concluded Petitioner was guilty of murder and had heard testimony indicating Petitioner acted with deliberation and great disregard for human life in obtaining and firing his weapon. The testimony indicated Petitioner intended to injure someone. In light of such testimony, there is not a reasonable probability Petitioner would have received a significantly less harsh sentence if additional character witnesses had testified on his behalf.

### III. Certificate of Appealability

The Court finds that Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether

to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

In this case, Petitioner has not shown that the issues raised by his claims are subject to debate among jurists of reason. Nor has he shown that the questions presented are worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

### IV. Conclusion

Petitioner's objections (Docket No. 14) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report (Docket No. 13) as the opinion of the Court. It is

**ORDERED** that the above-titled matter is **DISMISSED**.

**So ORDERED and SIGNED this 15th day of June, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE